# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENA L. TRAVIS,
               Appellant,

          v.

DEPARTMENT OF THE ARMY,
               Agency.

DOCKET NUMBER
SF-0752-13-0476-I-1

DATE: September 8, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dena L. Travis, Barstow, California, pro se.

Dawn Dobbs, Fort Irwin, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant from her position as a Program Analyst, GS-0343-12, at Fort Irwin, California. Initial Appeal File (IAF), Tab 4 at 26. She was removed on charges of Excessive Absenteeism and Failure to Maintain a Full Time Work Schedule, based on her leave usage, which included 2,077 hours of Leave without Pay (LWOP) and 957 hours of Absence without Leave (AWOL). *Id.* at 40. The agency alleged that she took unscheduled leave when she had no sick leave available and that she failed to provide adequate medical documentation. *Id*. at 40-42. The charges also included the allegation that she failed to report for work even after the agency approved a reasonable accommodation allowing her to work half-time. *Id.* at 42. Both charges were sustained, and the appellant appealed. *Id.* at 30; IAF, Tab 1.

¶3    The administrative judge decided the appeal based on the written record. IAF, Tab 19, Initial Decision (ID) at 1. He merged the two charges because they were based on the same events and were not factually and legally distinct. ID at 6; IAF, Tab 15 at 3. The administrative judge sustained the charge. He found that the agency proved by preponderant evidence that the appellant was absent for compelling medical reasons beyond her control. ID at 9. The administrative

judge further found that: (1) the agency warned the appellant that an adverse action could be taken unless she returned to work on a regular basis; (2) the agency demonstrated that the appellant's continuing absence was adversely affecting operations; and (3) the appellant's position needed to be filled by an employee available for duty on at least a part-time basis. ID at 9-10. As to her affirmative defense of disability discrimination, the administrative judge found that the appellant failed to show that she was a qualified individual with a disability under 29 C.F.R. § 1630.2(g). ID at 11. He further found that she failed to show that the agency removed her based on the disability she claimed. ID at 11. The administrative judge affirmed the agency's removal action. ID at 14.

¶4    On review, the appellant challenges the administrative judge's conclusions concerning both the charge and the affirmative defense. She argues that the administrative judge improperly failed to consider several issues she raised and "focused on two points and nothing else: excessive absenteeism and failure to maintain a full-time schedule." Petition for Review (PFR) File, Tab 1 at 1, Tab 4 at 2. We find, however, that the administrative judge properly limited his analysis to whether the agency had proven the charge. The appellant raised several other issues on review, including allegations that her supervisors improperly denied her LWOP, miscoded leave on her time sheet, improperly rejected her medical documentation as insufficient, failed to delay her removal until the Office of Personnel Management could process her retirement application, and inappropriately harassed and threatened her.[2] *See* PFR File, Tab 1 at 6-8, 10-17, Tab 4 at 3. We find, though, that these issues do not bear on whether the agency proved the charge or the appellant established her affirmative defense.

---

[2] The appellant also asserted that her removal was improper because she lost her health insurance. *See* PFR File, Tab 1 at 4, 20-21, Tab 4 at 4. This argument is neither relevant to the charge nor to the affirmative defense.

¶5     An agency may bring an adverse action against an employee for excessive absences, such as those accrued because of the continuing effects of an injury or illness.  The following criteria, however, must have been met:  (1) the employee was absent for compelling reasons beyond her control so that the agency's approval or disapproval was immaterial because the employee could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless the employee became available for duty on a regular, full-time or part-time basis; and (3) the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis.  *Gartner v. Department of the Army*, 104 M.S.P.R. 463, ¶ 9 (2007) (citing *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984)). Such a removal action will promote the efficiency of the service if the employee's "absence for which no foreseeable end is in sight constitutes a burden which no employer can efficiently endure."  *Bair v. Department of Defense*, 117 M.S.P.R. 374, ¶ 5 (2012) (quoting *Ward v. General Services Administration*, 28 M.S.P.R. 207, 209 (1985)), *overruled on other grounds by Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294 (2014); *see also Edwards v. Department of Transportation*, 109 M.S.P.R. 579, ¶ 17 (2008) (when an employee has been removed for unavailability for duty because of incapacitation, the Board relies on the absence of a foreseeable end to her unavailability).

¶6     The appellant used LWOP for most of the period between September 11, 2011, and the end of January 2012.  IAF, Tab 16 at 34, 36.  She did not work the majority of time from January 2012 to the beginning of May 2012.  *Id.* at 32, 34. Her absences between May 2012 and July 2012 were covered under the Family and Medical Leave Act.  *Id.*  She then was continuously absent between August 2012 and the end of the year.  The appellant continued to be absent during January 2013, using LWOP on some days and AWOL on others.  *Id*. at 27, 34. She returned to work intermittently for 25 hours during February 2013, but worked only 4 hours during March 2013 and was otherwise absent through the

date of her removal. *Id.* at 27-28, 34; *see id.* at 44-45. She does not dispute the agency's record of absences.

¶7      The agency submitted considerable evidence that the appellant was absent because of an ongoing medical condition. *See* IAF, Tab 7, Tab 16 at 54-55, 67, 91-92, 106, 108, 116, 129, 131. After considering this evidence and the appellant's "abortive attempts to return to work . . . while attempting to overcome a chronic medical condition," the administrative judge appropriately concluded that the agency proved that the appellant was absent for compelling medical reasons beyond her control.[3] ID at 9. The administrative judge also found that the agency established that it had warned the appellant that it would take an adverse action unless she became available for duty on a regular, full-time or part-time basis. ID at 9; *see* IAF, Tab 16 at 28, 74-75. The agency likewise established that the appellant's position needed to be filled by an employee available for duty on a regular, full-time or part-time basis. ID at 9-10; *see* IAF, Tab 16 at 28-29, 36. The agency thus met its burden of proof for the charge.

¶8      The appellant further argues that she meets the definition of a qualified individual with a disability because she suffers from a severe medical condition that affects her ability to work. *See* PFR File, Tab 1 at 2. She asserts that the administrative judge failed to consider that she had requested and was denied a reasonable accommodation. *See id.* at 8. She also asserts that the agency retaliated against her for claiming a disability by requiring excessive documentation of her medical condition and removing her after she announced her intention to retire. *See id.* at 16-20.

¶9      The administrative judge addressed at length the appellant's affirmative defense of disability discrimination. *See* ID at 10-11. The administrative judge

---

[3] The appellant argues on review that the agency characterized her absences as intentional in the notice of proposed removal and decision letter. *See* PFR File, Tab 1 at 1, 20; *see also* PFR File, Tab 4 at 1-2. We concur with the administrative judge's conclusion that the appellant's absences were for compelling medical reasons beyond her control, and not the result of any misconduct on her part.

did not find that the appellant failed to meet the definition of an individual with a disability under the Americans with Disabilities Amendments Act (ADAAA). ID at 10-11; *see* 29 C.F.R. § 1630.2(g)-(*l*). Instead, the administrative judge found that the appellant was not a *qualified* individual with a disability under the ADAAA. ID at 11; *see* 29 C.F.R. § 1630.2(m)-(n). A qualified individual with a disability must be able to perform the essential functions of her position with or without a reasonable accommodation. *See* 29 C.F.R. § 1630.2(m). The appellant requested a part-time schedule as a reasonable accommodation. IAF, Tab 16 at 90. The agency approved her request to work 4 hours per day. *Id.* at 27-29. She subsequently failed to return to work, asserting that she was medically unable to do so. *Id.* at 28-29. After receiving the accommodation she requested, the appellant was thus unable to maintain a regular part-time work schedule. Because she was medically unable to report for work,[4] she could not perform the essential functions of her position.

¶10    The appellant argues on review that she should have been allowed to telecommute. *See* PFR File, Tab 1 at 8. The record, however, includes evidence of her general level of discomfort, as well as the strong medications she was taking. *See, e.g.*, IAF, Tab 16 at 46, 48, 50, 52, 56-58, 63, 68, 77, 81, 84, 94-96, 104-05, 111-13. She might not have been able to work at home, even if the agency had approved such an accommodation. Moreover, to the extent that she formally requested telecommuting as a reasonable accommodation, the agency was not obligated to grant her request. *See Ryan v. Department of the Air Force*, 107 M.S.P.R. 71, ¶ 9 (2007) (an agency is not obligated to provide a

---

[4] The appellant's immediate supervisor stated that the appellant "consistently call[ed] in to inform [her] that she had a really hard time getting out of bed and she [would] be in around 12:00 p.m. but [she] did not make a concerted effort to report at the time indicated. Instead [she] sent e-mails between 1:00 p.m. and 2:00 p.m. stating that she [would] not make it to work." IAF, Tab 16 at 29. Other record evidence substantiates this claim. *See, e.g.*, *id.* at 46, 48, 50, 52, 56-58, 63, 68, 77, 81, 84, 94-96, 104-05, 111-13.

disabled individual with every accommodation he may request), *overruled on other grounds by McCauley v. Department of the Interior*, 116 M.S.P.R. 484 (2011).

¶11     The appellant's claim that the agency retaliated against her is newly asserted on review. Although she argued that the agency found her medical documentation to be insufficient, she did not do so in the context of a retaliation claim. *See* IAF, Tab 1 at 6. The summary of the close of record conference call shows that she stated that she was raising only the single affirmative defense of disability discrimination.[5] IAF, Tab 15 at 6. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not offered such evidence and is simply reframing prior allegations as retaliation. She cannot raise this issue on review.

¶12     Finally, the appellant argues that she would have submitted more medical documentation for the record, including materials she had given the agency during discovery, but the agency representative told her she could not do so. *See* PFR File, Tab 4 at 2. She asserts that she misunderstood what she was told during teleconferences and that she was at a disadvantage while the appeal was pending because she was taking strong medication. *Id.* She submitted materials to be added to the record with her petition for review. *Id.* at 3; *see* PFR File, Tab 1, Subtabs 1-9.

---

[5] In her petition for review, the appellant cites language in the agency's Closing Submissions that suggests that the issues of retaliation for equal employment opportunity activity and whistleblowing may have been discussed below. PFR File, Tab 1 at 2; *see* IAF, Tab 16 at 7-8. The Order and Summary of the Close of Record Conference Call, however, memorializes the administrative judge's ruling that the appellant's *sole* affirmative defense was disability discrimination. IAF, Tab 15 at 6. The appellant lodged no objection to the summary, although she was informed of the opportunity to do so. *See id.* at 6, 13.

¶13 Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). For the Board to grant a petition for review based on new evidence, the petitioning party also must show that the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). To the extent that the appellant's submissions are already in the record, *see* PFR File, Tab 1, Subtabs 3-6, 8-9, they cannot be considered to be new evidence, *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (evidence that is already a part of the record is not new). The appellant also has not shown that her submissions would change the outcome of the initial decision. The sustained charge is based on her absence from work for compelling reasons beyond her control and she has not argued that she was not absent for these reasons. Accordingly, the Board will not incorporate the newly submitted items into the record.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e5](f) and [29 U.S.C. § 794a](.).


FOR THE BOARD:          _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.